O’SCANNLAIN, Circuit Judge,
dissenting:
I agree with the majority that we evaluate Unum Life Insurance Company’s interpretation of plan terms under an abuse of discretion standard. I cannot agree, however, that remand is appropriate. The district court did not, as the majority contends, improperly weigh evidence at the summary judgment stage. And Unum’s interpretation of the plan — which is silent on whether a bonus should be counted as monthly income — is reasonable and supported by the record. I would therefore affirm the grant of summary judgment in favor of Unum.
*940 I
The majority holds that the district court “failed to apply the traditional rules of summary judgment to its analysis of whether and to what extent a conflict of interest impacted Unum’s benefits determination.” Op. at 921. I disagree. The district court properly considered the evidence before it. Stephan presented no specific evidence of bias; the exhibits he filed included correspondence with Unum, an expert report, and Unum’s notes from Stephan’s claim folder, all of which showed consistent handling of Stephan’s claim.[1] The district court considered all of Stephan’s evidence, as well as hundreds of pages of evidence submitted by Unum, before concluding that “Unum’s conflict of interest did not weigh heavily upon its decision-making process in this case.”
Lacking support for its assertion that the district court improperly weighed the evidence before it, the majority directs the district court on remand to “permit the admission of evidence outside the administrative record” to evaluate bias. Op. at 930. This is not our law. A district court is not required to consider evidence outside the record. Rather, when evaluating the “nature, extent, and effect on the decision-making process of any conflict of interest,” the district court “may, in its discretion, consider evidence outside the administrative record.” Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir.2006) (en banc) (emphasis added); Nolan v. Heald College, 551 F.3d 1148, 1150 (9th Cir.2009) (explaining that Abatie “permit[s]” plaintiffs to submit evidence outside the administrative record). We therefore cannot, as the majority suggests, require the district court to conduct an independent assessment of bias beyond the evidence presented by the parties. See op. at 929-31.
Remand thus serves only to provide Stephan a second opportunity to litigate his case. That is not appropriate here.
II
A
Nevertheless, the majority decides to remand. Having so decided, the majority’s opinion should be at an end. But it is not. While purporting to “express no opinion” on whether Unum’s interpretation of the plan should be found unreasonable, Op. at 934, the majority expansively opines on the correct outcome of the district court’s inquiry, see op. at 934-39. In doing so, the majority mischaracterizes the record and traverses well outside the bounds of our deferential review. What is more, the majority’s extensive dicta, see op. at 934-39 — which, in any event, does not bind the district court — relies on inconclusive evidence and concludes that, because it would have interpreted that evidence differently, Unum’s interpretation is unreasonable. See op. at 936-39. This is not abuse of discretion review.
To take one example: the majority unfairly criticizes Unum’s reliance on TWP’s statement that it would “morally honor” its employment contract and posits that TWP “most probably meant” that TWP viewed the bonus as a necessary component of Stephan’s salary. Op. at 937. Based on the record, which consists only of Unum’s *941 own notes of the conversation, the meaning of TWP’s statement is — as the majority itself acknowledges — inconclusive. Likewise, the majority’s reliance on Stephan’s offer letter is misplaced. Though the letter indicated that his bonus was “guaranteed,” it also said that this bonus would be paid to Stephan “provided you perform at the level” TWP anticipated for a twelvemonth period. Yet the majority is confident that Unum “misreads” TWP’s offer letter. Op. at 937-38. This dictum should have been left on the cutting room floor.
B
The evidence demonstrates that Unum’s conclusion that Stephan’s bonus was not included in the calculation of monthly benefits under the plan is a reasonable one. Unum consistently explained that it was not including the annual bonus because that bonus was contingent on Stephan completing a year of satisfactory performance, which he did not do; because the bonus was not paid on a monthly basis; because TWP had not paid premiums on the higher amount; and because it did not find TWP’s expert persuasive. Its interpretation of the plan should not be disturbed. See Conkright v. Frommert, — U.S. -, 130 S.Ct. 1640, 1647, 1651, 176 L.Ed.2d 469 (2010); Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 676 (9th Cir.2011).
We may not substitute our views on how the plan should be interpreted for those of the plan administrator. The district court, after considering the evidence Stephan presented, correctly concluded that Unum’s conflict of interest carried little weight in light of other considerations and that Unum had reasonably interpreted the plan. It should not have to revisit that determination.
Ill
It is admittedly difficult to weigh the extent to which a conflict influenced a benefits determination. See Salomaa, 642 F.3d at 675. But “district courts are well equipped to consider the particulars of a conflict of interest.” Abatie, 458 F.3d at 969. The district court did so correctly in this case, and I would affirm its grant of summary judgment in favor of Unum.
I respectfully dissent.

. While I agree with the majority that the district court erred in denying Stephan’s motion to compel certain discovery, having reviewed these documents in camera, they would not help Stephan's case. Such an error, in light of the other evidence, does not require remand. See Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc., 552 F.3d 1033, 1042 (9th Cir.2009) (explaining that erroneous evidentiary rulings require reversal only where they are prejudicial).